IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN
No. 5:09-CT-3081-BO

JAMES ANTHONY MAY,  )
    Plaintiff,  )
  )
v.  )    <u>O R D E R</u>
  )
MELVIN A. HORTON, et al.,  )
    Defendants.  )

Plaintiff is an inmate in the custody of the North Carolina Department of Correction. He filed this civil rights action pursuant to 42 U.S.C. § 1983. He named 7 defendants in the complaint: Melvin A. Horton, Boyd Bennett, Hattie B. Pimpong, Captain Brown, S. Banks, Sergeant Korwin, and Carl E. Battle.[1] Before the court are two dispositive motions. First, Pimpong and Lewis filed a motion to dismiss (D.E. # 23), and later all defendants including Pimpong and Lewis filed a motion for judgment on the pleadings (D.E. # 40). Responses have been filed and the matter is ripe for determination.

Plaintiff alleges Due Process violations stemming from alleged non-compliance with administrative disciplinary proceedings. Plaintiff seeks compensatory, punitive, and injunctive relief, including release from segregation and restoration of "whatever other privileges I may have lost." At the time Lewis, Pimpong, Banks, Korwin and Battle filed their Answers, the full Offense and Disciplinary Report for the claim had not yet been located in DOC archives. Thus,

---

[1] For clarification, counsel for defendants, Peter Andrew Regulski appears to have added Attorney General Roy Cooper as a party in the docket sheet caption. Roy Cooper is not a named defendant and is not a party to the action. Furthermore, counsel added Robert C. Lewis as the current Director of the Divisions of Prisons in substitution for Boyd Bennett. The substitution is allowed pursuant to Rule 25 of the Federal Rules of Civil Procedure and Boyd Bennett is dismissed from the action.

the information was not included in those defendants' Answers. The report was subsequently located by, and included in, Horton's and Brown's Answer. (D.E. # 39 at 3) Rule 10(c) of the Federal Rules of Civil Procedure allows a defendant to adopt by reference statements or written instruments in the pleadings of other defendants for purposes of judgment on the pleadings where there is a commonality of defense. See Krause v. Buffalo & Erie County Workforce Development Consortium, Inc., 425 F. Supp. 2d 352, 363 (W.D.N.Y. 2006). Defendants are allowed to include and adopt by reference these reports.

At the time of the alleged due process violation, plaintiff was being housed at Pasquotank Correctional Institution ("PCI"). (D.E. # 1 at 2) On October 19, 2006, PCI's mailroom received a package addressed to plaintiff. (D.E. # 39, Ex. B, 39 at 10) It was labeled "legal mail" and found to contain a one ounce package of marijuana. (Id.) On October 24, 2006, administrative disciplinary charges were lodged against plaintiff. (Id. at 10-11) The charges alleged an attempt to possess a controlled substance and misuse of the telephone by instructing his girlfriend how to mail marijuana to PCI disguised as legal mail. (Id.) The Pasquotank County-Elizabeth City Drug Task investigated and therefore the disciplinary charges were delayed. (Id. at 10) On March 19, 2007, plaintiff was served with the disciplinary charges. (Id.) On April 18, 2007, plaintiff was found guilty of attempted possession of a controlled substance and misuse of the telephone. (Id. at 4 - 5) The conviction resulted in the loss of 23 days good time credit. (Id.) Plaintiff appealed the findings and the discipline was upheld. (Id. at 2)

Rule 12(c) of the Federal Rules of Civil Procedure allows a party to move for judgment on the pleadings "[a]fter the pleadings are closed — but early enough not to delay trial." Fed. R. Civ. P. 12(c). A Rule 12(c) motion is designed to dispose of cases when the material facts are

not in dispute; therefore, the court can judge the case on its merits by considering the pleadings along with any attachments to and materials referenced in the pleadings, which are incorporated into the pleadings by reference. See Fed. R. Civ. P. 10(c).

The same standard applies to a motion for judgment on the pleadings under Rule 12(c) as for a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Burbach Broad. Co of Del. v. Elkins Radio Corp., 278 F.3d 401, 405–06 (4th Cir. 2002). A court must determine whether the complaint is legally and factually sufficient. See Ashcroft v. Iqbal, __ __ U.S. ___, ___, 129 S. Ct. 1937, 1949–52 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563, 570 (2007); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (per curiam). Furthermore, the court accepts the complaint's factual allegations as true, but need not accept a complaint's legal conclusions drawn from the facts. Ashcroft, 129 S. Ct. at 1949–50; Giarratano, 521 F.3d at 302. Likewise, a court need not accept as true unwarranted inferences, unreasonable conclusions, or arguments. Giarrantano, 521 F.3d at 302.

In a prison disciplinary hearing which results in the loss of good time credits, the procedural due process safeguards are: (1) written notice of the charges; (2) a written statement by the factfinder as to the evidence relied on and reasons for the disciplinary action; and (3) a limited right to call witnesses and present documentary evidence when it would not be unduly hazardous to institutional safety or correctional goals to allow the inmate to do so. Wolff v. McDonnell, 418 U.S. 539, 565-66 (1974).

While plaintiff contends he was not given proper procedural due process within the disciplinary hearing, the record reflects otherwise. There is a signed copy of the "Notice to

3

Inmate" on April 4, 2007. The signature indicated he read and understood his rights. On April 10, 2007, plaintiff refused to sign the "Offense and Disciplinary Report," but the report sets out in writing the findings of the offense. The evidence before the court is that several witness statements were proffered along with a written statement from plaintiff. There was also a chain of custody report for the marijuana and a detailed investigation. The is no procedural due process violation for a delay, nor is there any indication that evidence was not presented. Issues over delay and the sufficiency or reliability of the evidence proffered are not protected challenges to procedural due process. See Wolff, 418 U.S. at 565-66. Therefore, plaintiff has no meritorious challenge to the process.[2]

If plaintiff's claim goes to the validity of the disciplinary finding of guilt, the claim fails as presented to this court. The Supreme Court has held that "a state prisoner's §1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis added); see also Edwards v. Balisok, 520 U.S. 641 (1997); Heck v. Humphrey, 512 U.S. 477 (1994) Were plaintiff to succeed on the claim that he was wrongfully found guilty of the infractions, those findings would necessarily implicate the constitutionality of plaintiff's current disciplinary infraction conviction. See Heck, 512 U.S. at 487. Plaintiff has not demonstrated the infraction

---

[2] If plaintiff is arguing because of the hearing he was placed into segregation, this disciplinary action did not create an atypical or significant hardship in relation to the ordinary incidents of prison life which would afford him relief. Sandin v. Conner, 515 U.S. 472, 483-84 (1995); see Beverati v. Smith, 120 F.3d 500, 503-504 (4th Cir. 1997). Furthermore, Wolff only applies if good time credits have been lost as a result of the disciplinary hearing.

4

has previously been invalidated, in fact the appeal thereof was denied. His claims challenging the validity of his disciplinary infraction conviction should be dismissed. Plaintiff may wish to file a habeas corpus petition challenging the validity of his conviction on these grounds.

Accordingly, the motion for judgment on the pleadings is ALLOWED (D.E. # 40) and the case is DISMISSED. Having so determined Lewis's and Pimpong's motion to dismiss (D.E. # 23) is DENIED as MOOT.

SO ORDERED, this the __ day of July 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE